IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNIE HANCOCK,                    *
                                  *
                Petitioner,       *
                                  *
v.                                *          Civ. No. L-07-2946
                                  *
UNITED STATES OF AMERICA,         *
                                  *
                Respondent.       *
                        **************

## MEMORANDUM

Now pending is Ernie Hancock's Motion to Vacate his sentence pursuant to 28 U.S.C.

§ 2255.  Because the facts and legal arguments are adequately set forth in the existing record, an

evidentiary hearing is not necessary.  *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir.

1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the

case conclusively shows that petitioner is entitled to no relief.").  For the reasons set forth herein,

Hancock's petition will be DENIED and his case DISMISSED.


## I.      BACKGROUND

On August 17, 2006, a Grand Jury returned an indictment against Hancock on three

counts: (1) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B); (2)

possession of child pornography in violation of 18 U.S.C § 2252A(a)(5)(B); and (3) travel with

intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C § 2423(b).  On

November 20, 2006, Hancock pled guilty to count one of the indictment and was sentenced to

imprisonment for a term of 168 months.  Counts two and three were dismissed upon motion by

the Government.

Hancock's sentence was imposed in accordance with the stipulations contained in a written Plea Agreement signed by Hancock and his attorney on November 1, 2006. In the Plea Agreement the parties stipulated to, *inter alia*, a five-level increase in offense level under U.S.S.G. § 2G2.2(b)(5) for a pattern of activity involving the sexual abuse or exploitation of a minor. In addition, the factual stipulation recites that "Defendant acknowledges that he engaged in a pattern of activity involving the sexual abuse and exploitation of a minor named [S.M.]. The abuse started in 2003 when [S.M.] was thirteen-years-old. [S.M.] was a friend of the defendant's son and would often visit the defendant's home. [S.M.] also traveled with the Defendant to the Defendant's job in Bear, Delaware. The Defendant engaged in sexual conduct with [S.M.] during several of these encounters." Docket No. 15 at 4.

On October 31, 2007 Hancock filed the instant § 2255 Motion. Docket No. 18. The Motion states, "I was suppose to plea guilty to count one. It was for porn on the computer. He [my attorney] had me to sign Plea saying I was guilty to all. I was against it." *Id.* at 2. In his statement of grounds, Hancock denies having engaged in certain specific sexual conduct with S.M., but admits to other instances of sexual contact. Additionally, the Motion alleges that Hancock's attorney "allowed" S.M. to perjure himself at Hancock's sentencing hearing. *Id.* at 4, 6.

## II.  DISCUSSION

### a.  Nature of Claim

Before embarking on an analysis of Hancock's right to recovery, it is necessary to clear up the context in which his petition arises and the objections it raises. Hancock's statement that he signed a plea agreement "saying I was guilty to all" is factually incorrect in that the Plea

Agreement clearly recites a guilty plea as to count one of the indictment only, and on this count only was Hancock sentenced. Presumably the confusion arises from the imposition of the aforementioned sentencing enhancement resulting from his admission of sexual abuse and exploitation of a minor. The Court assumes that it is this enhancement from which Hancock seeks relief under § 2255, since he cannot object to a sentence he did not receive.

### b. Procedural Default

This is Hancock's first Motion to Vacate under § 2255, and is timely filed. Hancock has procedurally defaulted his claims, however, because he did not take a direct appeal from his sentence.[1] "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations omitted). Thus, to collaterally attack his sentence, Hancock must show both cause for and actual prejudice from the default, *see Murray v. Carrier,* 477 U.S. 478 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537 (1986).

Hancock does not claim that he is innocence of the count of conviction or of the specific conduct for which he received his sentencing enhancement. His admissions in the Plea Agreement, his admissions during the Rule 11 colloquy conducted at his rearraignment, and the admissions in the instant § 2255 petition (sworn under penalty of perjury) would all contradict any such claim. To bring his procedurally defaulted claims in habeas, therefore, Hancock must establish that the cause of his procedural default turns on something external to the defense, such as the novelty of his claims or ineffective assistance of counsel. *United States v. Mikalajunas*, 186 F.3d 490, 429 (4th Cir. 1999). Since ineffective assistance of counsel is the only claim on which he could reasonably prevail, the Court will construe the instant Motion as making such a

---

[1] Hancock waived his right to appeal in the Plea Agreement. Docket No. 15 at 5–6.

claim with regard to both his waiver of the right to an appeal and to his sentencing enhancement.[2]

### c. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are examined under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on such a claim, the petitioner must show that (1) his attorney's performance fell below an objective standard of reasonableness; and (2) that he suffered actual prejudice. The *Strickland* Court made clear that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. In addition, a determination need not even be made concerning the attorney's performance if it is clear that no prejudice resulted. *See id.* at 697. To demonstrate actual prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

Hancock cannot make out a claim for ineffective assistance of counsel. While the he may be claiming that the adequacy of his attorney's advice contributed to his decision not to appeal, Hancock makes no allegation that he was unaware of his right to appeal or that he was waiving that right by signing the Plea Agreement. Indeed, he acknowledged as much at his re-arraignment. Hancock's Motion merely alleges that "my lawyer was not giving me much counsling [sic] at all on this case," and that he was "against" signing the plea agreement. There is no evidence, however, that the decision to waive an appeal was not a reasonable one,

---

[2] Hancock's Motion might also conceivably be read as a claim that his plea agreement was either unknowing or involuntary. Even if such a claim were not procedurally defaulted, however, Hancock could not succeed. A defendant's statement that his plea is knowing and voluntary is generally considered conclusive evidence on these issues. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). During the Rule 11 colloquy in this case, Hancock stated, and the Court found, that his plea was knowing and voluntary, and he has presented no evidence or argument calling this conclusion into question.

consistent with a sound strategy for obtaining a plea agreement on the most favorable overall terms.

Furthermore, Hancock can show no prejudice from his waiver. "[A] defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet" than a similar defendant who maintains his innocence. *Hill v. Lockhart*, 676 U.S. 52, 53–59 (1985). To establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Hancock has expressed dissatisfaction with the advice he received, but he has not claimed that, but for his attorney's allegedly deficient performance, he would have refused the plea bargain and proceeded to a trial. Nor has Hancock claimed that a better plea was available, or that an effective attorney would have obtained more favorable terms. Furthermore, as discussed *infra*, the Court sees nothing to suggest that either a direct appeal or a subsequent habeas petition would be meritorious. Hancock is therefore procedurally precluded from bringing any of the claims that could be inferred from the instant Motion.

Even if Hancock's claims were not procedurally defaulted, he could not succeed in challenging his sentence. For the reasons stated above, there is no evidence that Hancock's legal representation was not of the caliber required by the Constitution. Even assuming *arguendo* that the performance of Hancock's attorney was somehow deficient, the stipulation of facts and the agreement as to the § 2G2.2(b)(5) enhancement in Hancock's Plea Agreement would have been more than sufficient to warrant the enhanced sentence he received. Setting aside the Plea Agreement, the admissions in Hancock's § 2255 petition (sworn under penalty of perjury) also demonstrate a high likelihood that the Government would have been able to prove the facts

necessary to obtain the enhancement whatever the quality of Hancock's counsel. *See* Docket No. 18 at 6 ("He come to me wanting $50.00 after the first time I jerked him off. . . . I finally told him the only way I would give him that much is he would have to give up his tail."). To the extent that Hancock objects to aspects of S.M.'s testimony, these admissions make clear that such testimony could have done little additional damage.

For the above stated reasons, Hancock's petition must fail. Accordingly, the Court will, by separate Order of even date, DENY Hancock's § 2255 Motion to Vacate and DISMISS the case.

Should Hancock choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny certification, Hancock may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Dated this 27th day of October, 2010.

                        /s/
                      Benson Everett Legg
                      United States District